IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Nos. 15-21, 15-22 |
| | ) | Civil No. 16-596 |
| CHRISTOPHER LEVY, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Conti, Chief District Judge.

I. Introduction

Defendant Christopher Levy ("Levy") asks the court to vacate his sentence and to immediately release him from prison. Levy filed a pro se Motion to Dismiss Count Two and to Vacate Guilty Plea on April 22, 2016, and a pro se motion pursuant to 28 U.S.C. § 2255 ("§ 2255") on May 12, 2016. (Crim. No. 15-22, ECF Nos. 114, 115). The court appointed counsel for Levy, who filed a supplemental and a second supplemental § 2255 motion on Levy's behalf. (Crim. No. 15-21, ECF No. 32; Crim. No. 15-22, ECF Nos. 119, 126). The government filed a brief in opposition to the motions and Levy filed a reply. (Crim. No. 15-21, ECF Nos. 37, 38; Crim. No. 15-22, ECF Nos. 139, 141). On February 3, 2017, Levy filed a motion for an immediate status conference to seek his immediate release. (Crim. No. 15-21, ECF No. 39; Crim. No. 15-22, ECF No. 142). The court held a telephone conference on February 7, 2017, and requested additional briefing from the parties. Those briefs have been filed (Crim. No. 15-21, ECF No. 43; Crim. No. 15-22, ECF Nos. 146, 147), and the motions are ripe for disposition. An evidentiary hearing is not necessary.

Defendant's various motions raise essentially the same issues and seek the same relief. The second supplemental motion (Crim. No. 15-21, ECF No. 32; Crim. No. 15-22, ECF No. 126) incorporates the arguments made in the earlier motions and adds allegations of ineffective assistance of counsel. The pro se motion to dismiss count two and to vacate guilty plea (Crim. No. 15-22, ECF No. 114), the pro se motion pursuant to 28 U.S.C. § 2255 (Crim. No. 15-22, ECF No. 115), the supplemental § 2255 motion (Crim. No. 15-22, ECF No. 119), and the motion for immediate status conference (Crim. No. 15-21, ECF No. 39; Crim. No. 15-22, ECF No. 142), therefore, will be DENIED AS MOOT. The court has considered all the legal arguments articulated by defendant.

Levy contends that he is now serving an illegal sentence, in that: (1) he has completed his two-year agreed-upon sentence for conspiracy to commit Hobbs Act robbery; (2) he is now serving a consecutive five-year sentence for possession of a firearm in furtherance of a "crime of violence" pursuant to 18 U.S.C. § 924(c); and (3) his § 924(c) conviction is legally invalid and must be vacated. Levy reasons that he could not have possessed a firearm in <u>furtherance</u> of a crime of violence because the predicate Hobbs Act conspiracy is not a "crime of violence" pursuant to *Johnson v. United States*, 135 S. Ct. 2552 (2015) (holding that the "residual clause" in 18 U.S.C. § 924(e) is unconstitutionally vague). Defendant argues that his original attorney was ineffective for advising him to plead guilty to these charges.

Levy contends that his § 2255 motion is timely because it was filed within one year of *Johnson* and prior to *Johnson*, he had no basis to challenge his § 924(c) conviction. 28 U.S.C. § 2255(f)(3). His reasoning is two-fold: (1) conspiracy cannot qualify as a predicate offense under the § 924(c) "elements" clause because the essence of conspiracy is an agreement and use of force is not an element of a conspiracy crime; and (2) conspiracy can no longer qualify under the § 924(c) "residual" clause because after *Johnson,* the "residual" clause is unconstitutionally

2

vague. The court will consider for the sake of argument that Levy's motion is timely because the timeliness analysis is intertwined with the merits of his arguments.

The government maintains that Levy's conviction and sentence are valid. The government argues: (1) Levy's original counsel was not ineffective; (2) Levy's claims are procedurally defaulted because he failed to raise these arguments at sentencing or on direct appeal; (3) new Third Circuit Court of Appeals precedent in the companion decisions of *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016), and *United States v. Galati,* 844 F.3d 152 (3d Cir. 2016), mandates that Levy committed a "crime of violence" based on the record in this case; (4) the holding in *Johnson* regarding the residual clause in § 924(e) did not invalidate the different "residual clause" in § 924(c) at issue in this case; and (5) conspiracy to commit Hobbs Act robbery is a "crime of violence" under both the "elements" and "residual" clauses of § 924(c). The government argues that, if Levy is given any relief, the appropriate remedy is not immediate release, but resentencing de novo under the "sentencing package doctrine." *United States v. Davis*, 112 F.3d 118, 123 (3d Cir. 1997) (remanding for resentencing on multiple counts where mandatory consecutive sentence was stricken).

II. Factual and Procedural Background

Law enforcement agents were in the midst of a long-term investigation when they intercepted a series of telephone calls in which Levy and co-defendants Scott Kulikowski and Raymond Kober planned to commit an armed robbery of an auto parts store on September 8, 2014. Levy was arrested while driving to the store on that day. A firearm was recovered from the car. Because Levy was stopped before he arrived at the store, the robbery did not occur.

Levy was charged in two separate criminal cases. At Criminal Action No. 15-21, Levy was charged with: (1) possession of a firearm by an unlawful user or addict; and (2) possession

3

of a firearm by a person subject to a court order, in violation of 18 U.S.C. § 922(g)(8). At Criminal Action No. 15-22, Levy was charged with: (1) conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a); (2) possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i); (3) possession of a firearm by a person subject to a court order; and (4) possession of a firearm by an unlawful user or addict. The Hobbs Act conspiracy count charged, in relevant part, that Levy and others conspired to obstruct commerce by robbery, "by means of actual and threatened force, and violence and by placing [the victims] in fear of immediate and future injury to their persons and property." (Crim. No. 15-22, ECF No. 39). The § 924(c) count charged, in relevant part, that Levy knowingly possessed a firearm "in furtherance of a crime of violence, that is, unlawfully obstructing, delaying and affecting commerce, and the movement of articles and commodities in commerce by robbery, and conspiring to do so, in violation of [§ 1951(a)], as charged in Count One of this Indictment, and possessed said firearm in furtherance of said crime." *Id*.

   Levy and the government entered into a plea agreement pursuant to which Levy agreed to plead guilty to count 2 of the indictment at Criminal Number 15-21 and counts 1 and 2 of the indictment at Criminal Number 15-22. Levy acknowledged his responsibility for the conduct charged at the other counts of the indictments and stipulated that "the conduct charged in those Counts may be considered by the Probation Office or by the Court in calculating the guideline range and in imposing sentence." Plea Agreement ¶ A(2). Levy waived his right to file a direct appeal, except in limited circumstances, but specifically reserved his ability to file a collateral attack for an ineffective assistance of counsel claim. *Id*. ¶ A(9). The parties stipulated to an appropriate sentence as follows:

> Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties stipulate and agree that the appropriate sentence in this case is a term of imprisonment of seven (7) years [two (2) years imprisonment at Count Two of Criminal No. 15-21

and at Count One of Criminal No. 15-22 to run concurrently with one another, and five (5) years imprisonment at Count Two of Criminal No. 15-22 to run consecutively thereto] . . . .

*Id*. at ¶ C(6). The parties agreed that "no other enhancements, departures or variances are applicable or appropriate." *Id*. The agreement reflected a downward variance because the advisory guideline range was 30-37 months plus the mandatory five-year consecutive sentence for possession of a firearm in furtherance of a crime of violence.

On July 6, 2015 (approximately two weeks after the Supreme Court's decision in *Johnson* on June 26, 2015), the court conducted a thorough change of plea colloquy. (Crim. No. 15-22, ECF No. 140). According to the prosecution's summary of the offense conduct, Kulikowski was aware through his legitimate business as a tow truck driver that the auto parts store kept large amounts of cash on the premises. Kulikowski had Levy commit the actual robbery so that Kulikowski would not be recognized by the intended victims. Kober gave Levy a gun. All conspirators knew it was going to be an armed robbery. Agents apprehended Levy within blocks of the store on that date, and recovered a firearm from his car. *See* Transcript of Plea Hearing, Crim. No. 15-22, ECF No. 140 at 20-21. Levy was asked whether he agreed with the prosecution's summary about what he did and responded "Yes." *Id*. at 22. Levy affirmed that he agreed to rob the business and had a firearm at that time. *Id*. at 22-23. Levy pled guilty to both offenses. *Id*. at 23. The court found that Levy's guilty plea was knowing and voluntary and supported by an independent basis in fact for each element of the offenses. *Id*. at 24.

Following Levy's guilty plea, the probation office prepared a Presentence Investigation Report ("PSI"), which contained a description of the offense conduct. The PSI reflected that all conspirators knew that Levy was going to commit an armed robbery of the auto parts store and officers seized a firearm from Levy's car when they apprehended him on his way to the store. *See* PSI ¶¶ 9-13, Crim. No. 15-21, ECF No. 20 (under seal). Levy had no objections to the

contents of the PSI. (Crim. No. 15-21, ECF No. 23). In his sentencing memorandum, Levy admitted that he was "an integral part of the Hobbs Act Robbery conspiracy involving use of a firearm," although the idea to commit the robbery did not originate with him. (Crim. No. 15-21, ECF No. 25 at 7). At the sentencing hearing on October 16, 2015, the court accepted the plea agreement and imposed the stipulated sentence. (Crim. No. 15-21, ECF No. 42).

III. Legal Analysis

The statute of conviction, § 924(c), imposes a five-year mandatory minimum consecutive sentence for "any person who, during and in relation to any crime of violence or drug trafficking crime . . ., uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm. . . ." 18 U.S.C. § 924(c)(1)(A). Sections 924(c)(1)(A)(ii) and (iii) provide more severe penalties if the firearm is "brandished" or "discharged." The "elements" clause and "residual clause" in § 924(c) are defined as follows:

> (3) For purposes of this subsection the term 'crime of violence' means an offense that is a felony and—
>
> > (A) has as an element the use, **attempted use**, or threatened use of physical force against the person or property of another, or
> >
> > (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3) (emphasis added).

The statute which governs Levy's Hobbs Act predicate offense provides as follows:

> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, **by robbery** or extortion **or attempts or conspires so to do**, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

6

> (b) As used in this section—
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951 (emphasis added).

### A. Third Circuit Court of Appeals' Precedent

On December 19, 2016, the Third Circuit Court of Appeals issued two companion decisions in *Robinson* and *Galati* which adopted a new analysis when the predicate offense and § 924(c) offense are contemporaneous. 844 F.3d 137; 844 F.3d 152. On February 7, 2017, the court denied a petition for rehearing by the panel or en banc. Denial of Sur Petition for Rehearing, Nos. 15-1402, 15-1609 (3d Cir. February 7, 2017); available at ecf.ca3.uscourts.gov.

In *Robinson*, the defendant ("Robinson") brandished a firearm during two robberies committed a few hours apart. 844 F.3d at 139. A jury convicted Robinson of two counts of Hobbs Acts robbery and brandishing a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c).[1] On appeal, Robinson sought to overturn his § 924(c) conviction on the ground that Hobbs Act robbery is not a "crime of violence" under the "elements" clause and that the "residual" clause is unconstitutionally vague based on *Johnson*. Robinson argued that the court should look at the statutory definition of Hobbs Act robbery under the "categorical approach" to determine whether the minimum conduct criminalized by the statute constitutes a

---

[1] For the purpose of upholding a § 924(c) conviction, it is irrelevant whether a defendant was charged and convicted of "using or carrying" a firearm rather than "brandishing" a firearm. *United States v. Greer*, No. CR 10-711-01, 2017 WL 1020999, at *2 (E.D. Pa. Mar. 16, 2017) (citing *United States v. White,* No. 15-1970, 2017 WL 497659 (3d Cir. Feb. 7, 2017) (nonprecedential)).

7

"crime of violence." Robinson's attorney posited scenarios in which the crime could be committed by throwing paint on someone's house, pouring chocolate on a passport, or spray painting a car. *Id*. at 144. The government agreed that the "categorical approach" should be used. *Id*. at 141.

The court of appeals disagreed with both parties. It held that the "categorical approach" described in *Taylor v. United States*, 495 U.S. 575 (1990), is not appropriate when the predicate offense and § 924(c) offense are "contemporaneous" and tried to the same jury. *Robinson*, 844 F.3d at 141. "[A]nalyzing a § 924(c) predicate offense in a vacuum is unwarranted when the convictions of contemporaneous offenses, read together, necessarily support the determination that the predicate offense was committed with the 'use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* at 143. When the offenses are contemporaneous, the court explained, "the record of all necessary facts are before the district court." *Id*. The jury's determination will "unmistakably shed light" on whether the predicate offense was committed with the use, attempted use, or threatened use of physical force necessary to sustain a § 924(c) conviction. *Id*. The court explained that the contemporaneous § 924(c) conviction sheds light on the means by which the predicate offense was committed. *Id*. at 143. The defendant suffers no prejudice, the court reasoned, because the sentencing court "is not finding any new facts which are not of record in the case before it." *Id*.

The court explained that although the definition of "crime of violence" directs courts to look at the elements of an offense, the value in examining the contemporaneous convictions is in elucidating an otherwise ambiguous element in the statute. *Id*. at 144. The court explained that the combined convictions made clear that Robinson committed the predicate offenses in a manner that made them "crimes of violence." *Id*. The court explained that Robinson's Hobbs Act robberies involved the use, attempted use, or threatened use of force which "sprang from the

8

barrel of a gun" rather than one of the "far-fetched scenarios" posited by defense counsel. *Id*. His § 924(c) conviction was affirmed. Because the court of appeals rejected Robinson's arguments based on the "elements" clause of § 924(c), it did not reach his challenge to the residual clause under *Johnson*.[2] The court specifically noted that its holding applied not only to facts found by a jury, but also to those "admitted by the defendant in a plea." *Id*. at 143.

Judge Fuentes, concurring, would have applied the categorical approach and looked only at the statutory elements of the predicate offense, rather than the "actual underlying conduct of the defendant." *Id*. at 147-48. Judge Fuentes criticized the majority's analysis as suffering from "circularity" because whether or not the underlying crime qualified as a predicate offense depended on the jury's verdict. Judge Fuentes concluded that Hobbs Act robbery is categorically a crime of violence. *Id*.

In *Galati,* the court of appeals applied the *Robinson* analysis to a contemporaneous conspiracy predicate conviction.[3] The defendant ("Galati") hired two gunmen to shoot his daughter's boyfriend and was convicted of aiding and abetting the discharge of a firearm during a crime of violence under § 924(c), and conspiring to do the same. Galati argued that his predicate offenses did not constitute "crimes of violence" because the element of personal injury was not charged in his indictment. *Id*. at 155. The court rejected this argument and explained that it was "irrelevant" whether or not a predicate offense was properly charged for the purpose of determining whether Galati had committed a "crime of violence." *Id*.

---

[2] The court noted: "The definition of Hobbs Act robbery borrows conceptually, if not linguistically, from § 924(c)(3)(A)'s definition of 'crime of violence.' Both definitions refer to the use or threatened use of force against person or property, and the robbery definition goes so far as to include the term 'violence.' This language would seem adequate in and of itself to satisfy the 'elements' clause of § 924(c)(2)(B)." *Id*. at 144.
[3] The conspiracy charge in *Galati* was based on 18 U.S.C. § 924(o) (conspiracy to commit an offense under § 924(c)), rather than Hobbs Act conspiracy.

9

The court explained that under § 924(c), the government must prove only that a defendant "committed" a predicate crime of violence, but need not "charge" or "convict" the defendant of such an offense. *Id*. & n.9 (citing *United States v. Lake*, 150 F.3d 269, 275 (3d Cir. 1998)). In *Lake*, in turn, the court cited *United States v. Nelson*, 27 F.3d 199 (6th Cir. 1994), for the proposition that "while it is necessary for the government to present proof of the underlying crime to convict under § 924(c), a defendant need not be convicted or even charged with the underlying crime to be convicted under § 924(c)." *Id*. at 200 (collecting decisions). In *Galati*, the court explained: "Whether the matter was properly charged or not, the jury in this case found that Galati's participation in the murder-for-hire scheme resulted in personal injury." 844 F.3d at 155.[4] The court concluded: "Galati's effort to cast his involvement in a scheme that ended with a man being shot as lacking the use of physical force is creative, but his arguments defy our recent precedent." *Id*. In *Galati*, as in *Robinson*, a firearm had been used and the use of that firearm indicated the use, attempted use or threatened use of physical force to establish that Galati committed a crime of violence under the "elements" clause of § 924(c). *Id*.

The *Robinson* and *Galati* analysis has been followed several times. In *White,* 2017 WL 497659, the defendant ("White") committed an armed robbery of a speakeasy and was convicted of Hobbs Act conspiracy and robbery, witness tampering, and carrying a firearm during a crime of violence under § 924(c). White argued that Hobbs Act robbery is not a predicate crime of violence under *Johnson* and his § 924(c) conviction should be vacated. The court declined to decide whether *Johnson* applied to the residual clause in § 924(c) because it was clear after applying the *Robinson* analysis that White had committed a crime of violence under the "elements" clause. 2017 WL at 497659. In *Greer*, 2017 WL 1020999, two coconspirators went

---

[4] The court concludes that the same principle applies equally to cases resolved by a guilty plea. *See Robinson*, 844 F.3d at 143 (facts to establish crime of violence may be found by the jury or admitted in a plea).

into an office, pointed a gun at the owner, beat her with a crowbar, bound her with duct tape and stole jewelry. Citing *Robinson*, the court upheld Greer's § 924(c) conviction based on predicate offenses of Hobbs Act conspiracy and Hobbs Act robbery. *Id*. at *2. In *United States v. Milan*, No. 1:08-CR-073, 2017 WL 1155075, at *1 (M.D. Pa. Mar. 28, 2017), the defendant admitted in the plea hearing that he and others carried firearms into a bank, he pointed a pellet gun at a teller's head and another conspirator discharged a firearm. Applying *Robinson*, the court upheld his § 924(c) conviction based on a predicate bank robbery offense. The court declined to address whether attempted bank robbery or Hobbs Act conspiracy was a predicate crime of violence. *Id*. In *United States v. Griffith*, No. 1:08-CR-073, 2017 WL 1078155, at *2 (M.D. Pa. Mar. 22, 2017), the court upheld a § 924(c) conviction even though there was a dispute about whether the defendant possessed a firearm. The court explained that "as an aider and abettor, he was as culpable as those who had guns." *Id*.

    B. Application of Third Circuit Court of Appeals' Precedents

The *Robinson* and *Galati* analysis, rather than the categorical approach, governs this case because Levy's crimes were "contemporaneous." Levy's predicate offense and § 924(c) crime were committed at the same time and were part of the same indictment and plea agreement proceedings. Therefore, the court must look at "the record of all necessary facts before the district court" to determine the means by which a contemporaneous predicate offense was committed by Levy. *Robinson*, 844 F.3d at 141. In this case, the relevant facts are those admitted by Levy in his guilty plea. *Id*. at 143.

Levy argues that he never actually used force or committed an armed robbery. The fortuity that Levy was apprehended before he reached the auto parts store does not redound to his legal benefit. In *United States v. Yousef*, the court explained: "A defendant may be convicted of

11

attempt even where significant steps necessary to carry out the substantive crime are not completed, so that 'dangerous persons [may be apprehended] at an earlier stage . . . without immunizing them from attempt liability.'" 327 F.3d 56, 134 (2d Cir. 2003) (citation omitted). The Third Circuit Court of Appeals rejected an argument similar to Levy's in *United States v. Moore*, 451 F. App'x 67, 71-72 (3d Cir. 2011), reasoning as follows:

> Moore's argument that his actions did not constitute a "substantial step" because the policemen apprehended him before he arrived at the transaction site is unavailing. In order to prove that the defendant took a substantial step, the government need not prove that he or she performed "the last act necessary" to consummate the crime. *Yousef*, 327 F.3d at 134 (citation omitted); *see United States v. Barnes*, 230 F.3d 311, 315 (7th Cir. 2000) ("A substantial step is something more than mere preparation, but less than the last act necessary before the actual commission of the substantive crime."); *United States v. Pratt*, 351 F.3d 131, 137 (4th Cir. 2003) (finding that defendant took "substantial step" to possess with intent to distribute illegal drugs when government offered evidence of recorded conversations between defendant and co-conspirator and evidence that defendant promised to serve as a "middleman" in drug transaction).

Section § 924(c) expressly encompasses "attempted" use of force. The elements of the crime of "attempt" under federal law are: (1) the defendant acted with the requisite intent to violate the statute, and (2) performed an act that, under the circumstances as the defendant believed them to be, constituted a "substantial step" in the commission of the crime. *United States v. Manzo*, 636 F.3d 56, 66 (3d Cir. 2011) (citing *United States v. Tykarsky*, 446 F.3d 458, 469 (3d Cir. 2006)) (sending instant messages to FBI agent posing as young girl to arrange meeting and driving to motel constituted a "substantial step" to uphold conviction for attempted enticement of a minor). In *Moore*, the court explained that the acts of reconnoitering the target location or possessing materials to be employed in the commission of the crime qualify as "substantial steps" to support an attempt conviction. 451 F. App'x at 71. In *Tykarsky* and *Moore*, the act of driving toward the site of the planned transaction constituted a "substantial step."

12

Levy had the requisite mens rea because it is undisputed that all conspirators had knowledge and intent that Levy would commit an armed robbery with a gun. (Plea Hearing Colloquy, Crim. No. 15-22, ECF No. 140). Levy took substantial steps to carry out the armed robbery by obtaining a gun and driving toward the auto parts store on the day of the planned holdup. These actions constitute the crime of "attempt" even though Levy did not perform the "last act necessary" to complete the robbery.

The court recognizes that Levy was not explicitly charged with attempted robbery under the Hobbs Act and did not plead guilty to that offense. The Third Circuit Court of Appeals in *Galati* held, however, that the actual charge is "irrelevant" because the statutory focus is on whether a defendant "committed" the predicate offense. 844 F.3d at 155. Regardless of how the indictment was drafted, the evidentiary record establishes as a matter of law that Levy "committed" an attempted Hobbs Act robbery with a firearm.

Not all attempted robberies constitute, ipso facto, attempted uses of force. For example, a person who merely performed an unarmed "dry run" may not have attempted to use force, even if he planned to later acquire a weapon and use it in the actual robbery. In this case, however, *Robinson* and *Galati* instruct the court to consider whether the factual record of the contemporaneous convictions establishes that Levy engaged in the "attempted use" of force within the scope of § 924(c). The record in this case is clear. Levy possessed a firearm in furtherance of an attempted armed robbery, which was forestalled only by the intervention of law enforcement. Levy pled guilty to conspiracy to obstruct commerce by robbery, "by means of actual and threatened force, and violence and by placing [the victims] in fear of immediate and future injury to their persons and property." (Crim. No. 15-22, ECF No. 39). Levy also pled guilty to the § 924(c) count of the indictment, which charged that he knowingly possessed a firearm "in furtherance of a crime of violence." *Id*. In the plea hearing, Levy agreed that the

13

prosecutor's summary of the evidence was accurate, including the facts that all conspirators knew Levy was going to commit an armed robbery and he possessed a firearm in his car on the way to the auto parts store on September 8, 2014. Levy did not object to the similar description of his offense conduct in the PSI. *See United States v. McDowell*, 888 F.2d 285, 291 n.1 (3d Cir. 1989) ("A conclusion in the presentence investigation report which goes unchallenged by the defendant is, of course, a proper basis for sentence determination."). In summary, Levy "committed" the crime of attempted armed Hobbs Act robbery in a violent manner. The attempted force or violence or fear of injury "sprang from the barrel of the gun" Levy possessed as he drove to the auto parts store, rather than any non-violent "far-fetched scenario." *See Robinson*, 844 F.3d at 144.

Under the analysis mandated by the court of appeals in *Robinson* and *Galati*, the attempted robbery of the auto parts store was a predicate "crime of violence," and thus, Levy's conviction for possession a firearm in furtherance of a crime of violence is lawful. Levy's conviction is valid under the "elements" clause of § 924(c).

C. Levy's Arguments

Levy argues that *Robinson* is distinguishable because he was charged with and pled guilty to conspiracy, not robbery, and conspiracy is categorically not a crime of violence. The court need not address this argument because, as explained above, the new analysis adopted in *Robinson* and *Galati* has displaced the "categorical approach" when the offenses are contemporaneous.[5] The crime with which Levy was "charged" does not matter; the relevant question is whether the factual record demonstrates that he "committed" a predicate offense.

---

[5] Even under the categorical approach, conspiracy to commit Hobbs Act robbery and attempted Hobbs Act robbery would likely be crimes of violence under Third Circuit Court of Appeals'

14

As in *Robinson* and *Galati*, Levy's conviction is valid under the "elements" clause of § 924(c). The court does not reach, therefore, the *Johnson*-based question of whether his conviction would be sustained under the "residual" clause, 18 U.S.C. § 924(c)(3)(B) or the parties' arguments regarding the "sentencing package doctrine."

F. Ineffective Assistance of Counsel

In the plea agreement, Levy specifically preserved his right to file a claim of ineffective assistance of counsel. Such claims are analyzed under the familiar framework set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction . . . has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

Levy's motion can be decided on the "prejudice" prong.[6] To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional

---

precedent. *See United States v. Preston*, 910 F.2d 81, 86 (3d Cir. 1990) (conspiracy to commit robbery under Pennsylvania law is a "violent felony" under the "elements" clause of §924(e) because the elements of criminal conspiracy to commit robbery "subsume the elements of robbery, which is a violent felony for purposes of § 924(e)."); *United States v. O'Brien*, 972 F.2d 47, 52 (3d Cir. 1992) ("Given *Preston's* holding that criminal conspiracy can be a violent felony, it necessarily follows that criminal attempt can also be a violent felony."); *United States v. Gorny*, 655 F. App'x 920, 924-25 (3d Cir. 2016) (attempted aggravated assault under Pennsylvania law was a "crime of violence" under the elements clause of the sentencing guidelines).

[6] Levy's claims are not procedurally defaulted. The foregoing analysis of the merits of his claims is necessary under the "prejudice" prong of the *Strickland* test.

errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

Levy suffered no prejudice due to alleged ineffective assistance of counsel in allowing him to plead guilty to the § 924(c) offense because the result of his proceeding would not have been different. As explained above, Levy's § 924(c) conviction is valid and his five-year consecutive sentence is appropriate. Levy is not entitled to release from prison. By virtue of the plea agreement, his sentence is below the otherwise-applicable guideline range. In summary, his claim of ineffective assistance of counsel is DENIED.

IV. Conclusion

Under the applicable precedential case law, the court is constrained to conclude that the second supplemental § 2255 motion filed on Levy's behalf (Crim. No. 15-21, ECF No. 39; Crim. No. 15-22, ECF No. 126) must be DENIED. The remainder of Levy's motions will be DENIED AS MOOT.

V. Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals will remand the case to the district court for a prompt determination as to whether a certificate should issue. *See* 3rd Cir. LAR 22.2. When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000); 28 U.S.C. § 2253.

Although numerous unsettled questions of law exist post-*Johnson*, this case involves an application of the recent Third Circuit Court of Appeals precedents in *Robinson* and *Galati*, on which there has been no debate by jurists of reason.  A certificate of appealability, therefore, will not be issued.

An appropriate order will be entered.

June 13, 2017

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal Nos. 15-21, 15-22 |
| | ) | Civil No. 16-596 |
| CHRISTOPHER LEVY, | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, this 13th day of June, 2017, for the reasons set forth in the accompanying opinion, IT IS HEREBY ORDERED that the pro se motion to dismiss count two and to vacate guilty plea (Crim. No. 15-22, ECF No. 114), the pro se motion pursuant to 28 U.S.C. § 2255 (Crim. No. 15-22, ECF No. 115), the supplemental § 2255 motion (Crim. No. 15-22, ECF No. 119), and the motion for immediate status conference (Crim. No. 15-21, ECF No. 39; Crim. No. 15-22, ECF No. 142) are DENIED AS MOOT, and the second supplemental § 2255 motion filed on Levy's behalf (Crim. No. 15-21, ECF No. 32; Crim. No. 15-22, ECF No. 126) is DENIED. A certificate of appealability shall not issue.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Chief United States District Judge